IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

TONYA RENEE CRAFT,

Plaintiff,

v.

CIVIL ACTION FILE
NO. 4:10-CV-0068-HLM

SANDRA LAMB, et al.,

Defendants.

ORDER

This case is before the Court on Defendant Evans' Motion to Dismiss [34].

On May 24, 2010, Plaintiff filed this lawsuit. (Docket Entry No. 34.) On June 14, 2010, Defendant Evans filed a Motion to Dismiss, arguing only that Plaintiff asserted claims of professional negligence against Defendant Evans in her capacity as a licensed clinical social worker, but failed to file an expert affidavit with her Complaint, as required by O.C.G.A. § 9-11-9.1. Plaintiff has responded to Defendant Evans' Motion, and the Court concludes that no reply brief from Defendant Evans is necessary. The Court

therefore finds that the Motion to Dismiss is ripe for resolution by the Court.

O.C.G.A. § 9-11-9.1 states, in relevant part:

> (a) In any action for damages alleging professional malpractice against:
>
> (1) a professional licensed by the State of Georgia and listed in subsection (g) of this Code section . . .
>
> the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

O.C.G.A. § 9-11-9.1(a). O.C.G.A. § 9-11-9.1(g) lists licensed clinical social workers as professionals covered by the requirements of O.C.G.A. § 9-11-9.1(a). O.C.G.A. § 9-11-9.1(g)(6).

In Baird v. Celis, 41 F. Supp. 2d 1358 (N.D. Ga. 1999), Judge Camp concluded that the expert affidavit requirement of O.C.G.A. § 9-11-9.1 simply did not apply in a case filed in federal court. 41 F. Supp. 2d at 1360-62. Judge Camp stated: "O.C.G.A. § 9-11-9.1,

requiring an expert affidavit to be filed with a complaint alleging professional malpractice, is in direct conflict with Federal Rule of Civil Procedure 8(a) which requires only notice pleading." Id. at 1362. Judge Camp consequently declined to apply O.C.G.A. § 9-11-9.1 to a case filed in federal court. Id.

The Court finds that Judge Camp's order in Baird is well-reasoned and thorough, and is consistent with similar positions previously taken by the Court itself. The Court applies the reasoning of Baird to this case, and concludes that O.C.G.A. § 9-11-9.1 simply does not apply to this case. The Court therefore denies Defendant Evans' Motion to Dismiss.

ACCORDINGLY, the Court **DENIES** Defendant Evans' Motion to Dismiss [34].

IT IS SO ORDERED, this the 29th day of June, 2010.

UNITED STATES DISTRICT JUDGE



AO 72A